1  PETER M. WILLIAMSON, State Bar No. 97309
   TODD B. KRAUSS, State Bar No. 187991
2  WILLIAMSON & KRAUSS
   21800 Oxnard Street., Suite 305
3  Woodland Hills, CA 91367
   Tel: (818) 226-5700/ Fax: (818) 226-5704
4
5  CHRISTOPHER D. PIXLEY, GA Bar No. 581378
   CHRISTOPHER D. PIXLEY, LLC
   Admitted Pro Hac Vice
6  3455 Peachtree Road, Suite 500
   Atlanta, GA 30326
7  Tel: (404) 995-7070/ Fax: (404) 467-1595

8  Attorneys for Plaintiff SHERRY COLEMAN,
   individually, and as the personal representative of
9  Dalton William Coleman, deceased

10 **UNITED STATES DISTRICT COURT**

11 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13 SHERRY COLEMAN, individually and ) CASE No.: 1:07-CV-1125-OWW-GSA
   as the personal representative of Dalton )
14 William Coleman, deceased, )

15        Plaintiff, )

16 vs. )
                                           ) **PROTECTIVE ORDER RE:**
17 STATE OF CALIFORNIA,                    ) **DOCUMENTS PRODUCED**
   CALIFORNIA DEPARTMENT OF                ) **PURSUANT TO SUBPOENA BY**
18 CORRECTIONS, WARDEN JAMES               ) **FRESNO COUNTY SHERIFF'S**
   C. YATES, LT. W.K. MYERS, LT. J.        ) **DEPARTMENT**
19 DALEY, CAPTAIN E.H. BEELS, LT.          )
   J.S. SCOTT, SGT. B. DeFRANCE,           )
20 SGT. J. WARD, SGT. R. LANTZ, SGT. )
   D. CARLSON, OFFICER S.                  )
21 DEATHRIDGE, OFFICER D.                  )
   HATTEN, OFFICER P. SOARES,              )
22 OFFICER N. GARZA, OFFICER               )
   DIAZ, OFFICER A. RANGEL,                )
23 OFFICER REDDING, OFFICER R.             )
   VALENCIA, OFFICER ERICKSON,             )
24 OFFICER D. HERNANDEZ,                   )
   OFFICER GARRISON, OFFICER               )
25 DUTRA, OFFICER GOVEA,                   )
   OFFICER HUCKABY, OFFICER                )
26 PATRICK, SGT. BEELS, SGT.               )
   SCOTT, SGT. ESCOBAR and DOES 1 )
27 through 10, inclusive,                  )
                                           )
28        Defendants.                      )

WHEREAS, Peter M. Williamson, counsel to Plaintiff Sherry Coleman ("Plaintiff"), issued a civil subpoena in the above-captioned matter to the Fresno County Sheriff's Department commanding the production of the following documents:

> All records, documents reports, letters summaries, interviews, witness statements, photographs, videotapes, and other digital evidence and any and all other documents which comprise the entire investigation of the murder of William Dalton Coleman by Robert Glenn at Pleasant Valley State Prison on August 5, 2005 by Fresno County Sheriff's Dept.

WHEREAS, the documents requested by the Plaintiff contain information that is part of an on-going police investigation and is therefore sensitive in nature;

IT IS HEREBY STIPULATED, by, among and between the parties hereto through their counsel that those portions of the documents described above may be designated as "Confidential" by the Fresno County Sheriff's Department and shall be produced subject to the following Protective Order:

1. The disclosed documents shall be used in connection with the federal civil case of *Coleman v. State of California*, USDC Case No. 1:07-CV-01125-OWW-GSA and in the preparation and trial in this case. The parties are not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trial in this matter.

2. Documents or materials designated under this Protective Order as confidential may only be disclosed to the following persons:

    (a)    Peter M. Williamson and his co-counsel Christopher D. Pixley, and their client Sherry Coleman;

    (b)    Kelli Hammond, Deputy Attorney General, State of California;

    (c)    Attorneys, paralegals, clerical, and secretarial personnel regularly employed by counsel;

   (d) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

   (e) Any expert or consultant retained in connection with this action; and

   (f) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel.

  3. Each recipient of such confidential information shall consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. Plaintiff and defense counsel shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked "confidential" are given. The parties will advise each other of the names and addresses of all individual(s) they wish to provide confidential documents to.

  4. All documents or materials designated as "confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as confidential, that are filed with the Court for any purpose shall be filed and served under seal pursuant to the procedures outlined in Local Rules 39-140 and 39-14, with the following statement affixed to the document or other information:

> "This envelope is sealed pursuant to order of the Court and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

  5. The designation of information as confidential, and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

1   6.   Copies of Confidential Documents

2   Copies of confidential documents will be handled in the following manner:

3       (a)   The parties shall receive only one copy of the confidential documents
4             from the Fresno County Sheriff's Department;

5       (b)   The parties shall not copy, duplicate, furnish, disclose, or otherwise
6             divulge any information contained in these confidential documents to
7             anyone other than those persons identified in Section 3(a) through (f),
8             above;

9       (c)   If any document or information designated as confidential pursuant to
10            this Protective Order is used or disclosed during the course of a
11            deposition, that portion of the deposition record reflecting such
12            material shall be stamped with the appropriate designation and access
13            shall be limited pursuant to the terms of this Protective Order.  The
14            Court reporter for the deposition shall mark the deposition transcript
15            cover page and all appropriate pages or exhibits, and each copy thereof,
16            in accordance with paragraph 5 of this Protective Order.  Only
17            individuals who are authorized by this Protective Order to see or
18            receive such material may be present during the discussion or disclosure
19            of such material.

20  7.   Notwithstanding the provisions of Paragraph 3, confidential information
21  produced pursuant to this Protective Order shall not be delivered, exhibited or otherwise
22  disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine
23  or other media organization.

24  8.   Should any information designated confidential be disclosed, through
25  inadvertence or otherwise, to any person not authorized to receive it under this Protective
26  Order, the disclosing person(s) shall promptly:

27      (a)   inform opposing counsel of the recipient(s) and the circumstances of
28            the unauthorized disclosure to the relevant producing person(s); and

    (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

  9. At the conclusion of this litigation, all documents, in whatever form stored, containing confidential information will remain confidential, and if filed with the Court, shall remain under seal. All parties also ensure that all persons to whom confidential documents were disclosed shall be returned to counsel for the producing party. The conclusion of this litigation means a termination of the case following applicable post-trial motions, appeal and/or retrial. After the conclusion of litigation, all confidential documents received under the provisions of this Protective Order, including all copies made, shall be maintained by Peter M. Williamson for a period of seven years. At the conclusion of this seven year period, Mr. Williamson shall cause the confidential information, and all copies thereof, to be destroyed.

  10. This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Protective Order by Court order for good cause shown or by the parties' stipulation.

  11. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

  12. No later than 45 days of receiving notice of the entry of an order, judgment, or decree terminating this entire action, all persons having received confidential information from the law office of Peter M. Williamson shall return that information to Mr. Williamson's law office.

13. Any person violating this Protective Order shall be held in contempt and subject to sanctions.

DATED: December 16, 2008      WILLIAMSON & KRAUSS

By: _____
     PETER M. WILLIAMSON
     Attorneys for Plaintiff Sherry Coleman

DATED: December ____, 2008      JANELLE E. KELLEY, Interim County Counsel

By: _____
     ARTHUR G. WILLE
     Attorneys for Fresno County
     Sheriff's Department

DATED: December ____, 2008      ATTORNEY GENERAL OF CALIFORNIA

By: _____
     KELLI HAMMOND
     Attorneys for Warden James C. Yates, et al.

## **ORDER**

Good cause having been shown for the filing and entry of this Protective Order:

IT IS SO ORDERED.

**Dated:   December 18, 2008**                     /s/ Oliver W. Wanger
                                                    UNITED STATES DISTRICT JUDGE